UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

  v.                                  Case No. 24-cv-0589-bhl

SGT ANDREW BILDA, et al,

        Defendants.

## SCREENING ORDER

On May 13, 2024, Plaintiff Marcus L. Lewis, proceeding *pro se*, filed a complaint against Sergeant Andrew Bilda, Deputy Francisco J. Izquierdo, Deputy Steven Haw, Deputy Yia Vang, Deputy Michael Szudazski, Deputy Quinton Miller, the City of Milwaukee, the County of Milwaukee, Froedtert Hospital, and the Milwaukee County Sheriff's Office.[1] (ECF No. 1 at 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Lewis reports that he is unemployed, unmarried, and not responsible for supporting any dependents. (ECF No. 2 at 1.) He states that he has no monthly income because he was fired due to the unlawful stop at issue in this lawsuit. (*Id.* at 2.) He reports $53 in monthly household expenses for his cellphone, no property, and $1.30 in his checking account. (*Id.* at 2–3.) Lewis further reports that he is currently homeless, without a driver's license, and that this August, he will owe $150,000 for his semi-truck's lease. (*Id.* at 4.) On this record, Lewis is sufficiently indigent for a fee waiver.

---

[1] Lewis also has another pending civil rights complaint against the same individual defendants pending before the Court, Case Number 24-cv-0150-bhl.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT[2]

Lewis states that on December 5, 2021, he was driving on the highway when a police officer pulled him over. (ECF No. 1 at 22.) While that officer spoke with him, a second officer pulled up on the other side of the car, then another, and another, until six police vehicles were surrounding him. (*Id.*) One officer "yanked [Lewis] with all his strength to swing [Lewis] out [of the] car," then several officers held him down on the ground by putting knees on his leg and back.

---

[2] The Factual Background is derived from Lewis's complaint, ECF No. 1, the allegations in which are presumed true for screening purposes. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

(*Id.* at 22–23.)  Lewis feared for his life during this encounter.  (*Id.*)  He was then transferred to Froedtert hospital where a nurse "illegally drew [his] blood."  (*Id.* at 24.)  Lewis states that the defendants unlawfully stopped his vehicle, unlawfully arrested him, forged a signature on a warrant, lied on the police report, and tampered with evidence.  (*Id.* at 2–3.)

Lewis further breaks down his allegations by individual defendants.  With respect to Deputy Izquierdo, Lewis states that Deputy Izquierdo put two sets of handcuffs on him, lied on the police report, and drove the police cruiser erratically with Lewis in the back seat, causing Lewis's "back [to] [slam] into the steel like back seat."  (*Id.* at 28.)  Izquierdo ignored Lewis's statements that the handcuffs were too tight.  (*Id.*)  Deputy Haw used excessive force by using a "personal weapon" to smash a window near Lewis's face.  (*Id.* at 30.)  Haw also illegally searched Lewis's vehicle and attempted to taser Lewis.  (*Id.* at 30–31.)  Deputy Miller also illegally searched Lewis's vehicle.  (*Id.* at 31–33.)  Deputies Vang and Szudarski failed to intervene to correct the other deputies' constitutional violations, and Deputy Szudarski's mannerisms led Lewis to believe he was acting vindictively.  (*Id.* at 33–35.)  Finally, Sergeant Bilda ordered the deputies to tackle Lewis to the ground and search his vehicle without probable cause and influenced the deputies to lie in the police report.  (*Id.* at 36, 39.)

As a result of these allegations, Lewis alleges that the defendants violated his Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights.  (ECF No. 1 at 12–13.)  He also invokes various other legal doctrines related to these rights including "exclusionary rule," "fruit of the poisonous tree," "illegal search and seizure," "entrapment," "racial profiling," "excessive force," "failure to intervene," "false arrest," "false imprisonment," "tampering with evidence," and "unlawful stop." (*Id.* at 12–15.)  Lewis also takes issue with the Court's screening order in his other pending civil case, Case No. 24-cv-0150-bhl.  (*Id.* at 15–19.)

Lewis seeks $750,000 in compensatory and punitive damages.  (*Id.* at 4.)  He also requests that the individual defendants be prosecuted, dismissal of his state-court criminal cases, and reinstatement of his driver's license before it expires in August 2024.  (*Id.*)

## ANALYSIS

Res judicata prevents parties from undermining the finality of judgments by attempting to relitigate claims while also promoting predictability in the judicial process, preserving the judiciary's limited resources, and protecting litigants from the expense and disruption of being hauled into court repeatedly.  *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011).  Claim

splitting is a part of the law of res judicata. *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020). Claim splitting, in contrast to res judicata, blocks a second lawsuit without a final judgment on the merits in the first if there is identity of parties in both suits and an identity in the causes of action. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Claims have identity in the causes of action "if the 'claims arise out of the same set of operative facts or the same transaction.'" *Id.* (citing *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)).

Here, Lewis's complaint is barred by the doctrine of claim splitting. Lewis's complaint bears striking resemblance to his pending complaint also before this Court, Case No. 24-cv-0150-bhl. In that case, Lewis alleged he was unlawfully stopped by Deputy Izquierdo on December 5, 2021, and Deputies Haw, Szudarski, Miller, and Vang and Sergeant Bilda all violated his constitutional rights in that encounter by either unlawfully searching his person or vehicle, using excessive force, or failing to intervene. (*See* Case No. 24-cv-0150-bhl, ECF No. 7 at 3.) The Court allowed Lewis to proceed on his Fourth Amendment violations against Deputies Izquierdo, Vang, Szudarski, Haw, Miller, and Sergeant Bilda. (Case No. 24-cv-0150-bhl, ECF No. 7.) This complaint and his prior complaint both center around the events of December 5, 2021 and include the same set of operative facts. Lewis sues the exact same individual defendants in both cases, too. Because both suits make mention of the same alleged incidents and sue the same individuals, Lewis's complaint is barred by the claim splitting doctrine. *See Scholz*, 18 F.4th at 956; *Rexing*, 953 F.3d at 1004.

The fact that Lewis adds four defendants to this complaint—the City of Milwaukee, Milwaukee County, the Milwaukee County Sheriff's Department, and Froedert Hospital—does not change this conclusion. Indeed, none of these new defendants are properly sued. *Monell v. Department of Social Services*, 436 U.S. 658 (1978) governs claims against municipalities and requires a plaintiff to make allegations of some kind of unconstitutional official policy or custom by the municipality. With respect to the City and County of Milwaukee, Lewis's complaint fails to allege the existence of any unconstitutional policy or custom by either entity, precluding any claim against either municipality. The Milwaukee County Sheriff's Department is neither a "person" nor a legal entity separate from the County, so it, too, is an improper defendant for Section 1983 claims. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

Froedtert Hospital is a private entity, not a state actor, and Lewis has not alleged any facts that would plausibly suggest a theory on which it could be held liable for any constitutional wrong he claims to have experienced. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009); *Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). Thus, there is no part of his complaint that exists separately from the complaint already pending before this Court, and it is barred by the doctrine of claim splitting.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Lewis's motion to proceed IFP, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Lewis's complaint, ECF No. 1, is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge